UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE A. MORA,

    Petitioner,

v.                                    Case No.: 2:20-cv-221-FtM-38MRM

SECRETARY, DOC,

    Respondent.
_____/

## OPINION AND ORDER[1]

This matter is before the Court upon initial review of the file. Petitioner Jose A. Mora is a prisoner in the Florida Department of Corrections. Petitioner initiated this action on March 27, 2020 by filing a construed motion seeking an extension of time to file a habeas corpus petition under 28 U.S.C. § 2254. Doc. 1, Motion. Mora states his habeas petition is due by April 17, 2020 but he requires additional time because he is not an American citizen, "barely" speaks English and recently had a medical procedure done. (Id.) Mora attaches exhibits to support his Motion. Doc. 1-1.

This Court does not have authority to grant an extension to the one-year federal limitations period in 28 U.S.C. §2244(d)(1). For purposes of AEDPA,[2] a federal habeas petition "does not become 'pending' until an actual application for habeas corpus relief is filed in federal court." *Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Isaacs v. Head*,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to cases filed on or after April 24, 1996.

300 F.3d 1232, 1239 (11th Cir. 2002). Thus, until a § 2254 petition is filed, this Court is without jurisdiction to consider whether a petition is subject to equitable tolling as there is no case or controversy. See *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (holding "federal court lacks jurisdiction to consider timelines of a § 2255 petition until a petition is actually filed"); *Swichkow v. U.S.*, 565 F. App'x 840, 844 (11th Cir. 2014) (citing *Leon* and affirming district court's denial of motion for extension of time to file § 2255 on basis that district court lacked jurisdiction to consider motion absent filing of formal habeas petition). If Mora contends he is entitled to equitable tolling to excuse an otherwise untimely habeas petition, he may appraise the Court of such grounds to warrant relief after he properly files his petition.

To challenge his underlying conviction, Mora must file his § 2254 habeas corpus petition in the United States District Court for the Southern District of Florida, Miami Dade Division. 28 U.S.C. § 2241(d). Once Mora files a petition identifying the grounds for relief, he may seek to amend the petition. Fed. R. Civ. P. 15(a).

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's motion for extension of time (Doc. 1) is **DENIED.**

2. This action is dismissed **without prejudice**. The Clerk shall close this case, enter judgment and provide Petitioner with a habeas corpus form and affidavit of indigency and financial certificate form with this Order.

3. Petitioner shall use the enclosed habeas petition form accompanied by the $5.00 filing fee or application to proceed *in forma pauperis* should he wish to initiate a habeas corpus action in the United States District Court, Southern

District of Florida, Miami Dade Division.

4. Petitioner is not entitled to a certificate of appealability should he chose to appeal the dismissal of this case.[3]

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of March, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

---

[3] Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the Court issues a certificate of appealability. Petitioner has not made a substantial showing that his constitutional rights have been denied. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining substantial showing) (citation omitted).